UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richie Sinanan,                                    Civil No. 06-3807 (PAM/FLN)

        Petitioner,

  v.                                                       **REPORT AND RECOMMENDATION**

James N. Cross,

        Respondent.

_____

Richie Sinanan, *Pro Se* Petitioner.
Erica MacDonald, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. Respondent filed a response in opposition to Petitioner's petition [#4]. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the petition be granted in part.

## I. BACKGROUND

Petitioner Richie Sinanan is a federal inmate who is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota (hereinafter "FCI-Sandstone"). (Declaration of Ann Norenberg (hereinafter "Norenberg Decl.") ¶ 3.) Petitioner was convicted by the United States District Court for the Eastern District of New York for Importation of Cocaine into the United States, and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§952(a), 960(b)(1), and 841(a)(1). (Norenberg Decl. ¶ 3.) Petitioner is currently serving a 160-month sentence, with five years supervised release, and has a projected release date of January 25, 2011,

via good conduct time release.  (Norenberg Decl. ¶ 3.)

On January 13, 2005, Petitioner was housed at the Federal Prison Camp in Duluth, Minnesota, (hereinafter "FPC-Duluth") and received an incident report for Conduct Disruptive to the Security or Orderly Running of a BOP Facility, Code 299, Most Like Code 200, Escape From an Unescorted Community Program or Activity.  (Norenberg Decl. attach. B at 1.)  This incident report was based on events that occurred on November 5, 2004, when Petitioner was assigned to an outside work detail while imprisoned at FPC-Duluth.  (Norenberg Decl. attach. B.)  While at the off-site location, Petitioner left the immediate area of his assignment by entering the vehicle of a female friend.  (Norenberg Decl. attach. B.)  Petitioner left the property with the help of the female friend and returned to the work site approximately 30 to 60 minutes later.  (Norenberg Decl. attach. B.) Petitioner arranged the meeting with his female friend through letters and telephone calls exchanged with the female friend prior to November 5, 2004.  (Norenberg Decl. attach. B at 1.)

This matter was referred to the Unit Discipline Committee (hereinafter "UDC") for review. (Norenberg Decl. attach. B.) On January 18, 2005, the UDC held a hearing concerning this incident, and Petitioner admitted that he left the worksite.  (Norenberg Decl. attach. B at 1.)  The UDC referred the matter to Discipline Hearing Officer T. Duncan (hereinafter "DHO Duncan") for disposition. (Norenberg Decl. attach. B at 4.) On January 26, 2005, DHO Duncan began to conduct the disciplinary hearing but then determined, based on the facts as reported, that it was also appropriate to charge Petitioner with a violation of Code 221, Being in an Unauthorized Area With a Person of the Opposite Sex Without Staff Permission.  (Norenberg Decl. attach. B at 3.)  DHO Duncan advised Petitioner of the additional charge and postponed the hearing so that Petitioner had advance notice of the additional charge and sufficient time to prepare his defense of the additional

charge.  (Norenberg Decl. attach. B at 3-4.)

On February 18, 2005, the DHO hearing was conducted by DHO Duncan, the same DHO who determined that Petitioner should be charged with an additional violation of Code 221. (Norenberg Decl. attach. B at 3-4.)  Petitioner was advised of his due process rights by DHO Duncan and stated that he understood those rights.  (Norenberg Decl. attach B. at 3.)  Petitioner did not present any witnesses at the disciplinary hearing, nor did he request staff representation.  (Norenberg Decl. attach. B.)  During the DHO hearing Petitioner admitted that he entered the vehicle of his female friend and hid as she drove out of his assigned work area.  (Norenberg Decl. attach. B. at 3.) Petitioner stated that he did not know he would be sanctioned but that he knew what he had done was wrong, and he apologized for his actions.  (Norenberg Decl. attach. B. at 1.)

On February 23, 2005, DHO Duncan found that there was sufficient evidence that Petitioner had violated Code 299, "Conduct Disruptive to Security or Orderly Running of a BOP Facility" most like Code 200, "Escape", and Code 221, "Being in an Unauthorized Area with a Person of the Opposite Sex Without Staff Permission."  (Norenberg Decl. attach. B. at 3-4.)  DHO Duncan sanctioned Petitioner to the following consecutive sentences for each violation: 30 days disciplinary segregation; 180 days telephone restriction; 180 days visiting restriction; and loss of 27 days of good conduct time.  (Norenberg Decl. attach. B at 4.)  In addition, Petitioner was recommended for a disciplinary transfer to FCI-Sandstone.  (Norenberg Decl. attach. B at 4.)  Petitioner was thereafter transferred to FCI-Sandstone, where he is currently imprisoned.  A written report of the findings, sanctions and reasoning of the DHO was provided to Petitioner on March 11, 2005.  (Norenberg Decl. attach. B. at 4.)  Petitioner appealed the decision of the DHO at every level of administrative review, and has appropriately exhausted his administrative remedies.  (Norenberg Decl. attach. C.)

Petitioner filed the present petition on September 22, 2006, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges that his due process rights were violated because he was not afforded an impartial disciplinary hearing.[1]

## II. DISCUSSION

### A.   Petitioner Was Not Afforded An Impartial Disciplinary Hearing Body.

Pursuant to *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974), there are five elements required to satisfy procedural due process in the context of a prison disciplinary hearing.  These elements are: (1) advanced written notice of the claimed violation at least 24 hours before the disciplinary hearing; (2) a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken; (3) an opportunity to "call witnesses and present documentary evidence in [the inmate's] defense when permitting [the inmate] to do so will not be unduly hazardous to institutional safety or correctional goals," *Id.* at 566; (4) the ability to seek the aid of a fellow inmate or assistance from the prison staff where an inmate is illiterate or where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," *Id.* at 570; and (5) an impartial disciplinary hearing body.  *Id.* at 563-571.  "An impartial hearing board has been required, to the extent that a member of the board may not participate in a case as an investigating or reviewing officer, or be a witness." *Id.* at 572 n.3.

Petitioner argues that the disciplinary proceedings in the present case violated his right to

---

[1] The Government states that "Petitioner also appears to allege that there was insufficient evidence that he 'escaped,' and that he merely left the area." (Mem. in Opp. at 7.)  However, a review of Petitioner's petition shows that Petitioner is only alleging that he was not afforded an impartial hearing because DHO Duncan was the officer who both charged Defendant with an additional violation of Code 221 and determined that Defendant violated Code 221.

-4-

an impartial hearing body because DHO Duncan functioned both as the disciplinary hearing body and the charging officer. Since DHO Duncan postponed the disciplinary hearing on January 26, 2005, in order to add an additional charge for a violation of Code 221, Petitioner argues that the subsequent disciplinary hearing convened by DHO Duncan did not provide him with an impartial hearing as required by *Wolff*.

Respondent argues that the record shows that DHO Duncan was not a witness to the incident charged, he was not the reporting officer and he was not involved in the UDC hearing. Respondent argues that DHO Duncan "merely determined that based upon the facts, there was evidence to support the additional charge of Code 221." (Mem. in Opp. at 6.) Respondent argues that "Petitioner admitted he committed the prohibited acts, so his argument that he did not receive an impartial hearing is irrelevant." (Mem. in Opp. at 6.) Respondent further notes that Program Statement 5270.07 states that " 'the DHO shall find that the inmate either: committed the prohibited act as charged <u>and/or a similar prohibited act if reflected in the incident report</u>, or did not commit the prohibited act charged or a similar prohibited act if reflected in the incident report.' " (Mem. in Opp. at 6) (quoting Pet. at 6) (emphasis added by Respondent). Respondent argues that the DHO considered all of the facts presented at the hearing and determined that Petitioner had engaged in the prohibited acts alleged against him. Respondent notes that "the basic findings of the DHO were upheld during the administrative appeal process" and concludes that Petitioner's due process rights were not violated in the disciplinary hearing conducted by DHO Duncan. (Mem. in Opp. at 7.)

In the present case the Court concludes that the disciplinary proceeding conducted by DHO Duncan was not sufficiently impartial. DHO Duncan was the officer who made the decision to charge Petitioner with the additional 221 Code violation. After making this charging decision DHO

Duncan proceeded to conduct the disciplinary hearing in which Petitioner was found guilty of that 221 Code violation. As stated by the United States Supreme Court, "[a]n impartial hearing board has been required, to the extent that a member of the board may not participate in a case as an investigating or reviewing officer, or be a witness." *Id*. at 572 n.3. As it appears that DHO Duncan performed both the role of reviewing officer (by reviewing the incident report and determining that another charge was warranted based on the facts) and the role of adjudicator during the disciplinary hearing, the Court concludes that Petitioner was not afforded an impartial disciplinary hearing. However, the remedy for this violation is not the expungement of the incident report and reinstatement of Petitioner's good conduct time and privileges, as Petitioner requests. Rather, the remedy in this case is to provide Petitioner with another DHO hearing that satisfies the requirements of *Wolff*, including being provided with an impartial disciplinary hearing body.

## III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **GRANTED in part** and that Petitioner be provided with another DHO hearing that satisfies the requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974), including the provision that Petitioner be afforded an impartial disciplinary hearing.

DATED: January 29, 2007                         s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 15, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.